UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

UNITED STATES OF AMERICA, for the
use of SPRINKLE MASONRY, INC.,

    Plaintiff,

v.                                                      Case No.: 2:14cv251

THR ENTERPRISES, INC.,

and

HANOVER INSURANCE CO.,

    Defendants.

---

UNITED STATES OF AMERICA, for the
use of SPRINKLE MASONRY, INC.,

    Plaintiff,

v.                                                      Case No.: 2:14cv252

THR ENTERPRISES, INC.,

and

HANOVER INSURANCE CO.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sprinkle Masonry, Inc.'s ("Sprinkle") Motion to Consolidate, ECF No. 13,[1] filed on August 21, 2014. Therein, Sprinkle argued that this Court

---

[1] All electronic filing numbers, unless otherwise indicated, are taken from Civil Action 2:14-cv-251. The Motion to Consolidate was filed in both civil actions; however, in Civil Action No. 2:14-cv-252, only the Motion to Consolidate, ECF No. 11, and Memorandum in Support of the Motion to Consolidate, ECF No. 12, were filed. In Civil Action No. 2:14-cv-251, all relevant pleadings were filed including the Motion to Consolidate, ECF No. 13,

should consolidate its two pending actions, Civil Action No. 2:14-cv-251 ("Case 251") and Civil Action No. 2:14-cv-252 ("Case 252"), on the grounds, *inter alia*, that both actions involve common questions of law and fact. ECF No. 14 at 2. Defendants THR Enterprises, Inc. and Hanover Insurance Co. ("THR" collectively) opposed Sprinkle's Motion to Consolidate on August 28, 2014, ECF No. 15, and Sprinkle replied on September 2, 2014, ECF No. 16. The Court conducted a hearing on September 17, 2014. Mr. John Norris, Jr. appeared on behalf of Sprinkle, and Mr. David Hearne appeared as counsel for THR. Accordingly, the motion is ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sprinkle initiated two separate actions against THR, filing both Case 251 and Case 252 on May 30, 2014. Although the cases alleged identical counts—Count I for Breach of Contract, Count II for Unjust Enrichment/Quantum Meruit, and Count III for a Miller Act Claim—the factual allegations differed slightly. Case 251 involved Sprinkle's provision of labor and materials furnished for renovations on Building 584 on Langley Air Force Base. ECF No. 1 at 2, ¶ 7. According to the subcontract between Sprinkle and THR for Building 584, Sprinkle agreed to provide labor and materials in exchange for $163,753.00. *Id.* at 3, ¶ 10. Sprinkle initiated Case 251 to recover $42,546.40 that Sprinkle alleged was unpaid and due under the subcontract. *Id.*, ¶ 13. Sprinkle claimed that THR had received payment from the government for this work, but had failed to pay Sprinkle. *Id.* at 4, ¶¶ 16-18. The parties consented to jurisdiction by a United States Magistrate Judge on August 6, 2014. ECF No. 10.

Case 252 involved Sprinkle's subcontract for labor and materials furnished in relation to

---

the Memorandum in Support of the Motion to Consolidate, ECF No. 14, the Memorandum in Opposition to the Motion to Consolidate, ECF No. 15, and the Reply in Response to the Motion to Consolidate, ECF No. 16.

Building 586 on Langley Air Force Base. ECF No. 1 at 2, ¶ 7 (Case 252). Sprinkle agreed to provide labor and materials for the renovations in exchange for $167,303.00, *id.* at 3, ¶ 10, and Sprinkle initiated Case 252 to recover $71,869.00 that Sprinkle alleged was unpaid and due under the subcontract, *id.*, ¶ 12. Identical to Case 251, Sprinkle claimed that THR had been paid by the government for the work, but had failed to pay Sprinkle. *Id.* at 4, ¶¶ 16-18. In response, THR filed a counterclaim on the grounds that Sprinkle had failed to account for credits from change orders in its calculation of the final bill. ECF No. 6, at 7-8, ¶ 5-6 (Case 252). Moreover, THR claimed that Sprinkle owed THR for overbilling in the amount of $18,000.00. *Id.* at 8, ¶ 6-7. The parties consented to the jurisdiction of a United States Magistrate Judge in this case on August 25, 2014. ECF No. 13 (Case 252).

In its Motion to Consolidate Cases 251 and 252, Sprinkle asserted that both actions involve common questions of law and fact. ECF No. 13 (Case 251). Specifically, Sprinkle argued that both seek to recover under breach of contract, unjust enrichment/quantum meruit, and Miller Act claims. ECF No. 14 at 2. Moreover, Sprinkle alleged that both cases involve similar factual circumstances since both cases deal with construction renovation at Langley Air Force Base, and all the individuals involved in the subcontracts were identical. *Id.* THR and Sprinkle are represented by the same counsel in both actions. *Id.* THR opposed consolidation on the theory that Case 251 presented a pass-through claim and as such should not be consolidated with Case 252's claim for failure to pay. ECF No. 15 at 2.

## II. ANALYSIS

As a preliminary matter, at the hearing, it was apparent that THR's original opposition to consolidation based on the alleged presence of a pass-through claim in Case 251 was no longer at

issue. A pass-through claim is a claim: "(1) by a party who has suffered damages; (2) against a responsible party with whom it has no contract; (3) presented through an intermediary who has a contractual relationship with both." Brenton T. Wheatley and Jessica Neufeld, *The Universal Applicability of Pass-Through Claims to all Parties to a Construction Project*, 32 WTR Constr. Law 12 (Am. Bar Ass'n 2012). Most often, pass-through claims arise in construction contracts because "the subcontractor releases all claims it may have against the contractor in exchange for the contractor's promise to pursue those claims against the owner and remit any recovery to the subcontractor." *Interstate Contracting Corp. v. City of Dall.*, 135 S.W.3d 605, 610 (Tex. 2004) (citation omitted) (responding to the Fifth Circuit's certified question on whether Texas law recognized pass-through claims). Conversely, a Miller Act claim allows a subcontractor to sue on the payment bond when he "has not been paid in full within 90 days after the day on which the person did or performed the last of the labor." 40 U.S.C. § 3133(b)(1). Moreover, the federal government is not liable under the Miller Act for a subcontractor's suit on the payment bond. *Id.* at § 3133(b)(3)(5).

At the hearing, counsel for Sprinkle explained that THR and Sprinkle are currently negotiating a pass-through claim that is unrelated to the damages sought in Case 251. Based on that representation, THR stated that it had wrongly assumed when drafting its opposition that the damages sought in Case 251 were the same as those being negotiated between the parties in the independent pass-through claim. However, upon confirmation by Sprinkle's counsel at the hearing that Case 251's damages claims were indeed distinct from the pass-through claim presently under negotiation, THR agreed that Case 251 did not contain a pass-through claim.

Pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"), a court may consolidate

actions if they involve a "common question of law or fact." Fed. R. Civ. P. 42(a). "[A] motion to consolidate must meet the threshold requirement of involving a common question of law or fact, . . . then whether to grant the motion becomes an issue of judicial discretion." *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. 3:04-cv-630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006). Indeed, "courts have broad discretion" to consolidate cases under Rule 42(a). *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). When determining the appropriateness of consolidation, the Fourth Circuit has directed that the court consider the following factors:

> [T]he risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). These factors can be broken down into two categories: those that favor consolidation, including risk of inconsistent adjudications, burden on the parties, judicial economy, and time and expense saved by consolidation; and those factors that weigh against consolidation, including prejudice, jury confusion, and time and expense created by consolidation. *See Pariseau*, 2006 WL 325379, at *2. Although a court must consider all of these factors, "judicial economy generally favors consolidation." *Switzenbaum v. Orbital Science Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999)

Turning first to whether the cases involve a common question of fact and law, the Court **FINDS** that Cases 251 and 252 have common questions of fact and law. Factually, the subcontracts are similar because the construction projects both involved masonry renovations, the projects were both performed on Langley Air Force Base only a few blocks apart, and the parties and individuals involved in the subcontracts were identical. Legally, both cases involve

5

the same claims including breach of contract, unjust enrichment/quantum meruit, and Miller Act claims. Although Case 252 does contain a counterclaim not included in Case 251, the counterclaim still arises out of the same facts surrounding the renovations Sprinkle performed at Langley Air Force Base. Accordingly, the cases involve common questions of law and fact.

Next, considering the factors outlined by the Fourth Circuit, the Court **FINDS** that consolidation is clearly appropriate in this case. Regarding the factors that favor consolidation, first, the risk of inconsistent adjudication if the cases remain separate is substantial as both cases involve similar factual situations involving nearly identical legal claims. Second, it would be more burdensome for the parties to continue the cases separately because discovery and trial would be duplicative. Here, the parties, potential witnesses, and counsel are identical in both cases. Accordingly, not consolidating would have the effect of substantially increasing the amount of discovery and trial preparation. Third, judicial economy favors consolidation as the court can dispense with the similar legal issues in one adjudication. Finally, the parties will save time and expense through consolidation by having one trial and one discovery process, rather than two.

The factors that weigh against consolidation—prejudice, jury confusion, and time and expense created by consolidation—are not substantial in this case. THR's only allegation of prejudice related to the presence of the alleged pass-through claim; specifically, that "[c]onsolidation will prejudice THR since Civil Action No. 2:14cv251 cannot proceed unless and until the suspension of work is lifted and Sprinkle submits a properly certified [pass-through] claim." ECF No. 15 at 4. Having established at the hearing that there is no pass-through claim in Case 251, THR no longer faces any prejudice on these grounds. Moreover, there does not

appear to be a threat of jury confusion as the two buildings involved can be identified by their building numbers when presenting argument, evidence, and jury instructions. Finally, neither party should incur any additional expense through consolidation, rather, the parties will save time and expense by litigating the cases together.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Sprinkle's Motion to Consolidate, ECF No. 13. It is **ORDERED** that Civil Action No. 2:14-cv-252 be consolidated with Civil Action No. 2:14-cv-251, and Civil Action No. 2:14-cv-251 shall be identified as the lead case.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 22, 2014